## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY WISE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 1:20-cv-00082-TWP-TAB |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

### ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on Petitioner Anthony Wise's ("Mr. Wise") Amended Petition for a Writ of Habeas Corpus challenging his conviction in prison disciplinary case CIC 19-08-0224. (Dkt. 11.) For these reasons explained in this Entry, Mr. Wise's Petition is **denied**.

### I. OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.  DISCIPLINARY PROCEEDINGS

On August 22, 2019, Indiana Department of Correction ("IDOC") Officer J. Poulson wrote a Report of Conduct charging Mr. Wise with a violation of IDOC Adult Discipline Code B-215, unauthorized possession of property:  "On 8-22-19 at approx. 7:05PM, I Ofc J Poulson (W/M) along with Ofc D Flick (W/M) conducted a shake down of cell 3-1E. During the search, a bucket with lid was found. Offender Wise, Anthony (W/M) DOC #981712 bed location 3A-1E claimed ownership of the bucket with lid."  (Dkt. 13-1.)  The conduct report indicated that pictures were taken and placed in an evidence locker, and a Notice of Confiscated Property was completed. *Id.*; Dkt. 13-2.

Mr. Wise was notified of the charge on August 27, 2019, when he received a Notice of Disciplinary Hearing Screening Report.  (Dkt. 13-3.)  Mr. Wise pled not guilty, wished to have a lay advocate, did not wish to call any witnesses, and did not request any physical evidence.  *Id.*

On August 23, 2019, Officer D. Flick provided a witness statement: "During a search in cell 3-1E a bucket was found. Offender Wise claimed ownership of the bucket."  (Dkt. 13-6.)

Mr. Wise's disciplinary hearing was held on September 11, 2019, and he stated: "I wash my clothes and borrowed this bucket from an offender in the dog program.  They all have these buckets, I did not know we weren't allowed to have them. Can we drop it to a lesser charge[?]"  (Dkt. 13-5.)  The disciplinary hearing officer ("DHO") considered the conduct report and Mr. Wise's statement along with the physical evidence.  *Id.*  The DHO wrote that "[d]og handlers are allowed the buckets, only," and that this was unauthorized possession.  *Id.*  Mr. Wise's sanctions included a deprivation of 60-days' earned credit time.  *Id.*

Mr. Wise appealed to the Facility Head and the IDOC Final Reviewing Authority, but neither appeal was successful.  (Dkt. 13-7; Dkt. 13-8; Dkt. 13-9.)  He then filed an amended

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. 11.)  The Respondent filed a return to order to show cause on April 3, 2020.  (Dkt. 13.)  Mr. Wise did not file a reply.

### III.   ANALYSIS

Mr. Wise states in his amended petition that the charge should have been a violation of Code 353, the property was in his cell when he moved in, and there was insufficient evidence to support his charge.  (Dkt. 11 at 2.)  The Court construes Mr. Wise's grounds as challenging (1) the sufficiency of the evidence, and (2) application of the correct charge.

**A.     Sufficiency**

Courts may not reweigh evidence already presented at a prison disciplinary hearing.  *Viens v. Daniels*, 871 F.2d 1328, 1328 (7th Cir. 1989).  Challenges to the sufficiency of the evidence are governed by the "some evidence" standard.  "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).  The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard.  *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).  "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[ ] 'some evidence' for the  . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).  Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'"  *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996).  To challenge the reliability of evidence introduced during a prison

disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000).

The IDOC Adult Disciplinary Process Appendix I: Offenses defines a violation of Code B-215, unauthorized possession of property as "[u]nauthorized possession, destruction, alteration, damage to, or theft of property." (Dkt. 13-10 at 5.) Further, possession is defined as:

> On one's person, in **one's quarters**, in one's locker or **under one's physical control**. For the purposes of these procedures, **offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing**, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

(Dkt. 13-11 at 1 (emphasis added).)

The conduct report indicated that Mr. Wise claimed ownership of the bucket with the lid. (Dkt. 13-1.) Mr. Wise's statement at his hearing additionally admitted that he possessed the bucket and used it to wash his clothes. (Dkt. 13-5.) Officer Flick's statement corroborated that Mr. Wise claimed ownership of the bucket. (Dkt. 13-6.) The DHO based his decision upon the conduct report, which alone is sufficient to support Mr. Wise's charge, along with Mr. Wise's statement, and noted that only dog handlers are allowed to possess these buckets. (Dkt. 13-5.) Moreover, according to the definition of the Code, Mr. Wise is "presumed to be responsible" for property and prohibited property that is located within his cell.

The Court finds that Mr. Wise's conviction was supported by sufficient evidence, and as such, he is not entitled to the relief he seeks on these grounds.

**B.    Correct Charge**

The IDOC defines a violation of code C-353, unauthorized possession of property as "[a]ny

unauthorized possession, alteration, removal or relocation of personal property." (Dkt. 13-10 at 11.) The Respondent argues that because only dog handlers were authorized to have buckets, the bucket was not Mr. Wise's "personal property," and Mr. Wise was charged with the appropriate offense, of B-215. (Dkt. 13 at 8.) As the Court previously discussed, there is sufficient evidence to support Mr. Wise's charge and, therefore, he is not entitled to habeas relief on this ground.

The Court additionally notes that Mr. Wise's amended petition argues that there was an equal protection violation. (Dkt. 11 at 2.) "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. Const. amend. XIV, § 1). "The Equal Protection Clause generally protects people who are treated differently because of membership in a suspect class or who have been denied a fundamental right." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016). Mr. Wise does not allege that he is a member of a suspect class or that he was treated differently from other, similarly situated inmates—much less that he was treated differently because of his membership in a suspect class. The rights implicated by this disciplinary proceeding were the due-process rights discussed in *Wolff* and *Hill*—not a fundamental right within the scope of the Equal Protection Clause. Mr. Wise has not made a case for habeas relief on equal protection grounds.

## IV. <u>CONCLUSION</u>

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Wise to the relief he seeks.

Accordingly, Mr. Wise's Amended Petition for a Writ of Habeas Corpus, (Dkt. [11]), must be

**DENIED** and the action **DISMISSED.**

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date:  11/10/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Anthony Wise, #981712
PENDLETON CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, Indiana  46064

David Corey
INDIANA ATTORNEY GENERAL'S OFFICE
david.corey@atg.in.gov